UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>DENNIS MAAS and the HOYT CORPORATION,<br><br>*Defendants*. | Civil Action No. 16-4419<br>(JMV) (MAH)<br><br>**AMENDED<br>OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion to dismiss (D.E. 24, 25) filed by Defendant Dennis Maas ("Maas") in this interpleader action. Maas is one of the claimants, and the other is Hoyt Corporation ("Hoyt"). The Court reviewed Maas' motion, Hoyt's opposition, and Maas' reply (D.E. 24, 25, 27 & 28), and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Maas' motion is **DENIED**.

**Background**

Stakeholder Transamerica Life Insurance Company ("Transamerica") instituted this interpleader action by filing a Complaint on July 20, 2016. D.E. 1. Transamerica is a citizen of Iowa for purposes of jurisdiction, while both Hoyt and Maas are citizens of New Jersey. *See* Compl. ¶¶ 3-6.

Transamerica issued a life insurance policy for the life of William H. Nixon. *Id.* at ¶¶ 7, 9. Hoyt was the owner of the policy and is the designated as the sole beneficiary. *Id.* at ¶¶ 8, 15. Nixon passed away in May 2015, and Maas asserted a right to the insurance proceeds. *Id.* at ¶¶ 10, 18-20. Specifically, Transamerica received a claim from Maas as well as an email from Maas' attorney warning Transamerica that it may be subject to a claim for damages if it wrongly distributed the insurance proceeds.[1] *Id.* at ¶¶ 18-20.

Thereafter, Transamerica, Maas, and Hoyt consented to an order allowing Transamerica to deposit the funds from the policy, $2,068,485.06,[2] with the Court. D.E. 10. Judge Clark entered the consent order on October 6, 2016. Pursuant to the order, Transamerica surrendered all interest in the monies but was also discharged from any potential liability over the proceeds. *Id.* Significantly, the express terms of the order, which Hoyt consented to, provides that "[Hoyt and Maas] shall implead their respective rights to payment of or from the sum of money deposited with the Court pursuant to this Order[.]" *Id.* In lieu of doing so, Maas filed a motion to dismiss.

Defendant Maas' motion was filed on December 5, 2016. D.E. 24, 25. The accompanying letter brief is six pages long and includes only one page of legal arguments: the Court no longer has subject matter jurisdiction now that Transamerica has been dismissed from

---

[1] Maas claims that the policy proceeds were "specifically designated" to buy out Mr. Nixon's remaining shares in Hoyt, where Maas is a shareholder and also served as Vice President of Finance. *See* D.E. 24-2. Maas claims that without relief, Nixon's heirs will instead use the insurance proceeds to further seize control of Hoyt, where they serve as directors and officers. *Id.*

[2] The face value of the policy was $2,500,000, but the policy was encumbered by policy loans and also included a *pro rata* premium refund, leaving the total amount of $2,068,485.06. Compl. at ¶¶ 7, 11-13.

2

the case, and regardless, the Court should abstain from deciding this case under the *Younger* abstention doctrine. *Id.* Defendant Hoyt submitted its opposition on December 20, 2016. D.E. 27. Maas replied on December 27, 2016. D.E. 28.

**Analysis**

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Because subject matter jurisdiction cannot be waived, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). Rule 12(b)(1) challenges may be either facial or factual attacks. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-2 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp.2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa,* 67 F. Supp. 2d at 43.

This is not a statutory interpleader action under 28 U.S.C. §1332 which requires diversity of citizenship between or among the two or more claimants. *See* 28 U.S.C. §1332 (a)(1). Rather, this case was properly brought as a Rule 22 interpleader action. *See* Fed. R. Civ. P. 22. Rule 22 does not itself confer subject matter jurisdiction on the court. Instead, it is a procedural mechanism and requires an independent basis for jurisdiction, such as diversity under 28 U.S.C. §1332(a). In addition to diversity, §1332(a) requires that the amount in controversy must exceed $75,000.

Maas argues that Transamerica is now "absent" from the case so that there "is no diversity between the remaining parties and no federal questions has been presented." D.E. 24-2

3

at 6. As a result, Maas argues, the Court no longer has subject matter jurisdiction. Maas provides no legal precedent to support his argument.

In Rule 22 interpleader actions, it is "well-settled that diversity between the stakeholder and claimants is sufficient to confer federal jurisdiction if the amount in controversy requirement is met." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 703 (3d Cir. 1996). In other words, the stakeholder must be diverse from the claimants, but the claimants need not be diverse from each other. Even after the stakeholder is dismissed from the action, diversity is not destroyed. *See Travelers Ins. Co. v. Johnson*, 579 F.Supp. 1457, 1459 (D.N.J. 1984); *Reassure America Life Ins. Co. v. The Gennaro J. Perrillo & Minnie Perillo Irrevocable Trust*, 2011 WL 832185, at *2 (D.N.J. March 2, 2011). Here, diversity existed between stakeholder Transamerica, on the one hand, and claimants Maas and Hoyt, on the other, when the Complaint was filed and continues after Transamerica's dismissal. The amount in controversy exceeds the $75,000 requirement for diversity jurisdiction under 28 U.S.C. §1332. Thus, the Court retains subject matter jurisdiction over this action.

The Court also denies Maas' *Younger* argument as his letter brief did not include any analysis on this point aside from listing the factors. Additionally, Maas' *Younger* argument runs contrary to the October 2016 consent order, which Maas expressly agreed to, obligating Maas to implead his rights to the policy funds.

For the foregoing reasons, and for good cause shown,

It is on this 30th day of October, 2017,

**ORDERED** that Defendant Maas' motion to dismiss is **DENIED**.

John Michael Vazquez, U.S.D.J.