# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TRANSAMERICA LIFE INSURANCE
COMPANY,

    *Plaintiff,*

v.

DENNIS MAAS and the HOYT
CORPORATION,

    *Defendants.*

Civil Action No. 16-4419
(JMV) (MAH)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Defendant Dennis Maas' motion for reconsideration of the denial of his motion to dismiss. D.E. 37. Defendant Hoyt Corporation opposes the motion. D.E. 38. Maas previously moved to dismiss the interpleader Complaint for lack of subject matter jurisdiction, D.E. 24, which the Court denied, D.E. 35, 36. The Court has reviewed all of the submissions made in support or in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, Defendant Maas' motion for reconsideration is **DENIED**.[1]

### I. Standard of Review

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within 14 days of the entry

---

[1] The relevant background and procedural history are recounted in the Court's Order and Opinion denying Maas' motion to dismiss. D.E. 35, 36.

of an order.[2] Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## II.  Analysis

Maas argues in his motion for reconsideration that the Court should refrain from deciding this case under the *Younger* abstention doctrine; second, that the entire controversy doctrine precludes parties from re-litigating issues in federal court that are simultaneously pending in state court; and that state claims predominate this case. *See* Brief in Support of Maas' Motion for Reconsideration, D.E. 37 at pg. 4, 6, 8.

---

[2] Given that an amended Order & Opinion was filed eleven days after the original Order & Opinion, the Court will overlook Defendant's lateness in filing his motion, though there were no substantive changes to the Court's analysis or decision.

At the outset, Maas fails to indicate under which of the three bases for relief he is proceeding. The first prong, an intervening change in the controlling law, does not apply to any of the new arguments. As to the *Younger* abstention argument, Maas did raise this argument in his initial motion, but failed to provide any substantive analysis. Thus, his request for relief on this ground is denied because he is merely rehashing his previous argument and, to the extent he is now engaging in an actual analysis of the doctrine, he clearly could have done so in his initial motion to dismiss.

As to the remaining arguments, the entire controversy doctrine and state claims predominating, Maas did not raise these arguments in his original motion to dismiss. Nor has Maas given any reason why he failed to do so or could not have done so. In fact, Defendant's brief does not cite the reconsideration standard at all, except to say that the issues raised in the instant motion were "not briefed previously" and were "overlooked in the previous motion and Opinion[.]" Obviously, the Court could not have overlooked that which was not raised. Reconsideration can be granted only where "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Brackett*, 2003 WL 22303078, at *2 (citations omitted). This is clearly not the case here. Instead, it appears that Maas did not realize that when he consented to Judge Clark's October 6, 2016 order, D.E. 10, which permitted Transamerica to deposit the funds at issue with the Court while at the same time requiring Maas to implead his right to the money, that Maas was going to continue to litigate the case in this Court. That misunderstanding, however, is not a basis for relief. Thus, Defendant's motion is denied.

### III. Conclusion

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of January,

**ORDERED** that Defendant's motion for reconsideration is **DENIED**, and it is further

**ORDERED** that Defendant Maas has seven (7) days from the date of this order to answer the Complaint.

_____
John Michael Vazquez, U.S.D.J.